**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL ESPARZA, | No. 10-55592 |
| Petitioner-Appellant, | D.C. No. CR 09-6251-PSG (MLG) |
| v. | |
| LELAND McEWEN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Guitierrez, District Judge, Presiding

Argued and Submitted June 2, 2014
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District
Judge.**

Daniel Esparza was convicted of second degree murder. In this appeal from the

denial of a petition for a writ of habeas corpus, Esparza argues that trial counsel

rendered ineffective assistance by: (1) failing to highlight the inconsistencies in the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

state's ballistic evidence; and (2) failing to adequately investigate reports that another person had been identified as the shooter.

1.      There were two different types of casings at the crime scene, including two .40 caliber spent casings directly across the street from where the victim was shot and two 9-millimeter spent casings approximately 400 feet away.  The ballistics evidence established that the Glock handgun found in Esparza's possession (three weeks later) had fired the .40 caliber spent casings at the crime scene directly across from the victim.  There was, however, evidence to support an argument that the bullet which struck the victim may have been fired from a 9-millimeter weapon.  This evidence was developed by petitioner's trial counsel during cross-examination of the ballistics expert and, in his summation, he called attention to both the location of the shooting and the fact that the 9-millimeter casings were found there.  [3 ER at 473.]  Moreover, he argued from evidence that was elicited from the expert that, even if the Glock handgun was the murder weapon, the jury could find that Esparza received the Glock handgun after the shooting from a fellow gang member who used it to shoot the victim.   Nevertheless, petitioner's trial counsel placed greater emphasis on discrediting the eyewitness identification.

In a written opinion, the trial judge rejected petitioner's argument that his trial counsel should have placed greater emphasis on the evidence suggesting that the

2

murder weapon was not the Glock handgun that was found in petitioner's possession three weeks later. While petitioner's argument is not without some merit, it is not sufficient to justify habeas corpus relief. "Surmounting *Strickland*'s high bar is never an easy task," *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and "[e]stablishing that a state court's application of *Strickland* was unreasonable under [AEDPA] § 2254(d) is all the more difficult." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.* (internal citations omitted). After reviewing the record, we conclude that petitioner has not met this double deferential standard.

2.      Relying entirely on a defense investigator's report, which stated that Jesus Romero had been identified as the shooter but that the police had ruled him out because he was in Mexico at the time of the shooting, petitioner argues that his trial counsel should have done more to investigate the possibility that Romero was the shooter. In rejecting this claim, the trial judge observed that, "the investigative report . . . does not explain how Romero was identified as the shooter. In this regard, [it] is unclear whether the 'identification' was in fact made by an eye witness or by some other means. Moreover, assuming identification was made by an eye witness, Petitioner does not present evidence that the person who identified Romero as the

3

shooter was available to testify." [1 ER at 50-51.] Under these circumstances, we cannot say that the trial judge unreasonably rejected this prong of petitioner's ineffective assistance of counsel claim.

3.  Esparza also seeks to raise the uncertified issue of whether the evidence of anonymous calls to the police identifying the shooter as a member of the Langdon gang violated his right to confrontation. As the district court properly instructed the jury, however, the anonymous calls were not offered to prove that the shooter was from Langdon, but to explain the officer's next steps in the course of the investigation. *See United States v. Wahchumwah*, 710 F.3d 862, 871 (9th Cir. 2013). Indeed, except in unusual circumstances not present here, *see Bruton v. United States*, 391 U.S. 123, 135-36 (1968), "juries are presumed to follow their instructions," *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). Moreover, the calls were not introduced into evidence to explain the basis of an expert's opinion. *See Williams v. Illinois*, 132 S. Ct. 2221 (2012). Thus, Esparza has failed to raise a claim that is "debatable amongst jurists of reason," *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003), and we decline to issue a certificate of appealability, *see* 28 U.S.C. § 2253(c); *Hiivala v. Wood*, 195 F.3d 1098, 1102–04 (9th Cir. 1999) (per curiam).

**AFFIRMED.**

4